UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------ x
                                                                   :
In re Application of CHEVRON CORPORATION for                       :
an Order Pursuant to 28 U.S.C. § 1782 to Conduct                   :   Case No: _____
Discovery for Use in Foreign Proceedings.                          :
                                                                   :
                                                                   :
------------------------------------------------------------------ x

## APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Based upon the concurrently filed Memorandum of Law and Declaration of Kristen L. Hendricks, Chevron Corporation ("Chevron") applies to this Court for an Order, pursuant to 28 U.S.C. § 1782, and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, for an order granting Chevron leave to serve the two subpoenas annexed to the Hendricks Declaration as Exhibits A and B. Chevron further requests an Order to Show Cause why the subpoenas should not issue, due to significant time exigencies here. *See* Declaration of Kristen L. Hendricks (concurrently filed), ¶¶ 2-13.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in connection with two proceedings currently pending before foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation*, a suit against Chevron pending in the Provincial Court of Justice of Sucumbíos in Lago Agrio, Ecuador (the "Lago Agrio Litigation"); and *Chevron Corporation and Texaco Petroleum Company v. Republic of Ecuador*, an international arbitration filed by Chevron and Texaco Petroleum Company against the Republic of Ecuador pursuant to Article VI(3)(a) of the Bilateral Investment Treaty between the United States of America and the Republic of Ecuador (the "Treaty Arbitration"). The Treaty Arbitration relates, in part, to the Republic of Ecuador's improper conduct vis-à-vis the Lago Agrio Litigation.

The parties to be subpoenaed are (1) Uhl, Baron, Rana & Associates, Inc. ("UBR"), a consulting firm whose name, logo, and work product has appeared in a report purportedly authored by a court-appointed, "independent" expert, Richard Stalin Cabrera Vega ("Cabrera"), in the Lago Agrio Litigation, and (2) Juan Cristóbal Villao Yepez ("Villao"), an individual affiliated with or employed by UBR who is also a member of Cabrera's team. While the work of Cabrera and his team was supposed to be performed neutrally and with strict independence from the parties, mounting evidence indicates that they secretly collaborated with the plaintiffs and related organizations. As discussed in the Memorandum of Law filed concurrently herewith, UBR and Villao are likely to have further evidence of that collaboration, which is highly relevant to key issues in both the Lago Agrio Litigation and the Treaty Arbitration.

Chevron is a party, and is thus an "interested person" under Section 1782, in both the Lago Agrio Litigation and the Treaty Arbitration, and it seeks discovery here for "use in" those proceedings. The targets of the discovery are "found" within this district. Chevron thus meets all the statutory criteria for the issuance of an order allowing the discovery. 28 U.S.C. § 1782. In addition, as set forth in its Memorandum of Law, all the discretionary factors that this Court may consider also favor granting the Petition. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

To date, four federal district courts have granted Chevron's applications directed to other witnesses connected to the Lago Agrio Litigation pursuant to Section 1782, and another has denied a request by the Republic of Ecuador to enjoin such discovery. On March 3, 2010 the United States District Court for the Northern District of Georgia granted Chevron's Section 1782 application seeking discovery from Dr. Charles Calmbacher, one of the Lago Agrio plaintiffs' judicial inspection experts. Exh. M (Order, March 2, 2010, *In re Application of Chevron Corp.*,

Case No. 1:10-MI-0076).[1]  Pursuant to the Court's order, Dr. Calmbacher was deposed on March 29, 2010 and testified that he did not draft, nor did he authorize the filing of, two expert reports submitted by the Lago Agrio plaintiffs in his name. *See* Exh. N (Calmbacher Deposition) at 112:1-117:20.  On March 4, 2010, the United States District Court for the District of Colorado granted Chevron's application seeking discovery from Stratus Consulting, an environmental consulting firm retained by counsel for the plaintiffs that either drafted sections of Cabrera's supposedly neutral expert report or secretly provided its work to Cabrera for incorporation into his report. Exh. O (Hearing Tr., March 4, 2010, *Chevron v. Stratus Consulting, Inc.*, Case No. 10-CV-00047).  Similarly, on April 5, 2010, the United States District Court for the Southern District of Texas granted Chevron's application seeking discovery from 3TM Consulting, LLC, another of plaintiffs' environmental consultants. Exh. P (Order, April 5, 2010, *In re Application of Chevron Corp.*).  And on May 6, 2010, the United States District Court for the Southern District of New York granted Chevron's application seeking discovery from Joseph Berlinger, producer of the movie *Crude*.  Exh. GG (Order, May 6, 2010, *In re Application of Chevron Corp.*, Case No. M-19-111).  In this most recent order, the court noted that the filmmakers conceded that they had altered the release version of the film at plaintiffs' counsel's request to conceal images of a member of Cabrera's "independent" team of experts working in partnership with Plaintiffs' counsel. *Id.* at 10.

The discovery resulting from these orders is in its early stages, but it has already produced compelling evidence of plaintiffs' secret collaboration with Cabrera.  In the Colorado

---

[1] All Exhibit references are to the Declaration of Kristen L. Hendricks, filed concurrently herewith.

3

discovery, in fact, the Lago Agrio plaintiffs have now conceded that their consulting experts provided materials to Cabrera upon which he based the opinions in his report.

While the Lago Agrio plaintiffs and the Republic of Ecuador have fought to enjoin, quash, and delay the Section 1782 discovery sought by Chevron, the courts have rejected those efforts. The Southern District of New York recently denied a motion by the Republic of Ecuador to enjoin all Section 1782 discovery relating to the Treaty Arbitration, allowing such Section 1782 discovery to proceed. *See* Exh. Q (Order, March 16, 2010, *Republic of Ecuador v. Chevron Corp.*, S.D.N.Y. Case Nos. 09-9958 and 10-0316). Similarly, the District of Colorado recently denied a motion by the Republic of Ecuador to quash all 1782 discovery in that district and denied the Lago Agrio plaintiffs' motion to stay that discovery. *See* Exh. LL (Order, April 13, 2010, *Chevron Corp. v. Stratus Consulting*, D. Colo., Civil Action No. 10-cv-00047-MSK-MEH). And the Southern District of New York has found that "The Lago Agrio Plaintiffs are pushing the Ecuadorian court to close the evidentiary phase of that litigation and immediately enter a multibillion dollar judgment against Chevron, thus preventing Chevron from placing before that court the likely relevant evidence contained in the [discovery sought]. Those Plaintiffs intend, if they succeed, to attempt to enforce such a judgment around the world." Exh. FF (Order, May 20, 2010 Order, *In re Chevron Corporation*, S.D.N.Y. Case No. M-19-111).

Chevron reasonably believes the highly relevant and narrowly tailored discovery sought here will produce additional evidence of plaintiffs' illicit collaboration with Cabrera. The discovery is also urgent: to prevent Chevron from making maximum use of the evidence of plaintiffs' fraud, the plaintiffs have been pressing for a premature end to the Lago Agrio case, filing two recent requests that the court immediately enter an order ending the evidence phase of the case. Thus, Chevron respectfully requests that this Court expeditiously grant its Application

for an Order granting Chevron leave to serve Uhl, Baron, Rana & Associates, Inc. and Juan Cristóbal Villao Yepez with the subpoenas attached to the Declaration of Kristen L. Hendricks as Exhibits A and B.

Dated: May 25, 2010

STERN & KILCULLEN, LLC

By: _____
Herbert J. Stern, Esq.

75 Livingston Avenue
Roseland, New Jersey 07068
Telephone: 973.535.1900
Facsimile: 973.535.9664

Randy M. Mastro, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Chevron Corporation*