UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------- x
                                                                 :
In re Application of CHEVRON CORPORATION for                     :
an Order Pursuant to 28 U.S.C. § 1782 to Conduct                 :  Case No. 2:10-cv-02675 (SRC)
Discovery for Use in Foreign Proceedings.                        :
                                                                 :
---------------------------------------------------------------- x

**ORDER GRANTING APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

THIS MATTER having been opened to the Court on June 11, 2010, by way of the Application of Chevron Corporation ("Chevron") for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (the "Application"); and the law firms of Gibson, Dunn & Crutcher LLP and Stern & Kilcullen, LLC having appeared on behalf of Chevron; and the law firms of Emery Celli Brinckerhoff & Abady LLP and Slater Tenaglia Fritz & Hunt, P.A. having appeared on behalf of the Ecuadorian Plaintiffs and Respondents Uhl, Baron, Rana & Associates, Inc. ("UBR") and Juan Cristóbal Villao Yepez ("Villao"); and the Court having considered the written submissions in support of and in opposition to the Application; and the Court having heard the arguments of counsel; and for the reasons set forth in the record of the Court's oral opinion of June 11, 2010; and good cause having been shown;

IT IS on this 15th day of June, 2010, ORDERED that Chevron's Application shall be and the same is hereby GRANTED as follows:

(1) Chevron may serve the subpoena annexed as Exhibit A to the May 25, 2010, Declaration of Kristen L. Hendricks on Respondents UBR and the Ecuadorian Plaintiffs, and may effectuate service via e-mail to Respondents' counsel.

(2) Chevron's request to serve the subpoena annexed as Exhibit B to the May 25, 2010, Declaration of Kristen L. Hendricks on Villao is dismissed without prejudice to Chevron's right to later establish that he is found in the district.

(3) To the extent that any privilege or immunity from disclosure would otherwise apply to some or all of the discovery sought by Chevron pursuant to its Application, any such privilege has been waived and/or does not apply pursuant to the crime-fraud exception as follows:

    (a) any privilege or other immunity from disclosure shall not apply to any documents, information, or materials provided by UBR or any of its employees to Cabrera, whether directly or indirectly, or to any documents, information, or materials used in connection with or incorporated into Cabrera's expert report (the "Cabrera Report") ("Cabrera" means Richard Stalin Cabrera Vega or any person assisting him in any way in connection with the Lago Agrio Litigation);

    (b) any privilege or other immunity from disclosure shall not apply to any documents, information, or materials reflecting communications between Villao and counsel for plaintiffs or their representatives or any person assisting them in any way, whether such communications are direct or indirect;

    (c) any privilege or other immunity from disclosure shall not apply to Villao's communications with Cabrera, whether directly or indirectly ("Cabrera" means Richard Stalin Cabrera Vega or any person assisting him in any way in connection with the Lago Agrio Litigation); and

    (d) any privilege or other immunity from disclosure shall not apply to Villao's communications, whether directly or indirectly, with counsel for plaintiffs or their representatives or any person assisting them in any way.

(4) UBR shall provide to the Court, by June 16, 2010, at 5:00 p.m. (EDT) a list of the following materials:

    (a) documents provided directly or indirectly to Cabrera ("Cabrera" means Richard Stalin Cabrera Vega or any person assisting him in any way in

connection with the Lago Agrio Litigation) or otherwise used in connection with or incorporated into the Cabrera Report;

(b)  documents directly or indirectly sent by Villao to Cabrera, or by Cabrera to Villao ("Cabrera" means Richard Stalin Cabrera Vega or any person assisting him in any way in connection with the Lago Agrio Litigation); and

(c)  documents directly or indirectly sent by Villao to any Plaintiff Affiliated Person, or by any Plaintiff Affiliated Person to Villao ("Plaintiff Affiliated Person" means counsel for the Plaintiffs in the Lago Agrio Litigation or any other person directly or indirectly assisting Plaintiffs or their counsel in the Lago Agrio Litigation).

(5)  UBR shall provide the Court, by June 16, 2010, at 5:00 p.m. (EDT), a list of any other documents responsive to the subpoena annexed as Exhibit A to the May 25, 2010, Declaration of Kristen L. Hendricks (including but not limited to any communications between any Plaintiff Affiliated Person and UBR) that Respondents contend is protected from disclosure by any privilege or doctrine.

(6)  The parties shall appear before the Court on June 17, 2010, at 12:00 p.m. (EDT) for a status conference.

_____
Hon. Stanley R. Chesler, U.S.D.J.

3