UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------ x
:
In re Application of CHEVRON CORPORATION for    :
an Order Pursuant to 28 U.S.C. § 1782 to Conduct    :    Case No. 2:10-cv-02675 (SRC)
Discovery for Use in Foreign Proceedings.    :
:
------------------------------------------------------------------ x

**STIPULATION AND ORDER CONCERNING
SUBPOENA ISSUED TO UHL, BARON, RANA & ASSOCIATES**

THIS MATTER having been opened to the Court on February 3, 2011, by way of orders

and the entry of a precedential opinion and judgment by the United States Court of Appeals for

the Third Circuit, and following a telephone conference with the Court to address compliance by

Uhl, Baron, Rana & Associates, Inc. ("UBR") with the Court's Order dated June 15, 2010, the

subpoena to UBR dated June 15, 2010 (the "June 15 Subpoena"), and the orders and precedential

opinion and judgment of the United States Court of Appeals for the Third Circuit dated February

3, 2011; and Stern & Kilcullen, LLC (by Herbert J. Stern) and Gibson, Dunn & Crutcher LLP

(by G. Charles Nierlich) having appeared on behalf of Chevron Corporation ("Chevron"); and

Patton Boggs LLP (by James E. Tyrrell, Jr.) having appeared on behalf of UBR and the

Ecuadorian Plaintiffs; and all parties, by and through their undersigned counsel, having

stipulated and consented to the form and entry of this Order; and good cause having been shown;

IT IS on this __17__ day of February, 2011, STIPULATED AND ORDERED as follows:

(1) No later than February 8, 2011, UBR will produce to Chevron's counsel, Stern &
Kilcullen, LLC, documents in UBR's possession, custody or control subject to the June
15 Subpoena which were provided, directly or indirectly, to Richard Stalin Cabrera, in
accordance with the Third Circuit's holding that such transmission waived any work
product protection or attorney-client privilege applicable to the documents (the "Category
I Documents").

(2) No later than February 14, 2011, UBR will produce to Chevron's counsel, Stern &
Kilcullen, LLC, all other documents in UBR's possession, custody or control which are
responsive to the June 15 Subpoena (the "Category II Documents"), regardless of
whether UBR or the Ecuadorian Plaintiffs believe any such documents are protected by

attorney-client privilege or work-product protection. Chevron will not contend, in this litigation or elsewhere, that this production of the Category II Documents itself waives any work product protection or attorney-client privilege that would otherwise be applicable to the documents. Chevron may, however, contend that the Category II Documents are otherwise unshielded by attorney-client privilege or work product protection, either because such documents do not satisfy the requirements necessary to claim such privilege or protection, or because the privilege or protection has been waived (other than through production under this Order) or vitiated by the crime-fraud exception or any other exception to attorney-client privilege and work product protection.

(3) After reviewing the Category II Documents, Chevron will promptly notify UBR and the Ecuadorian Plaintiffs, through their counsel, of any Category II Documents that it selects for designation (the "Chevron-Designated Documents"). Such list may encompass any or all of the Category II Documents. Nothing in this Order shall be construed to require Chevron to make any designation with respect to Category I Documents, which Chevron is free to use at any time without further action of this Court.

(4) Within two days after Chevron has identified the Chevron-Designated Documents, UBR will submit to this court for review any of the Chevron-Designated Documents which UBR and/or the Ecuadorian Plaintiffs contend are protected from production due to work-product protection or attorney-client privilege or due to any other objection, and shall provide Chevron's counsel with a privilege log of any such documents at the same time. If UBR and/or the Ecuadorian Plaintiffs do not submit a Chevron-Designated Document to the court for review within the time period provided herein, any privilege or other protection or objection to the production of such Chevron-Designated Document shall be waived, and Chevron shall be free to use such document in any way without further action of this Court; provided, however, that any waiver relating to the failure to submit a Chevron-Designated Document to the court for review as provided herein shall not also constitute waiver of any privilege protection as to the subject matter of any such document. Nothing in this Order shall limit Chevron's ability to submit any document directly to the Court for review in order to obtain a ruling that such document is not protected by work product protection or attorney-client privilege or any other objection, should Plaintiffs contend that any such documents are protected by the attorney-client and/or work-product privileges or any other privilege or objection.

(5) UBR's exclusive remedy if this Court ultimately finds that some or all of the Category II Documents are protected by work-product protection or attorney-client privilege is to require that Chevron return or destroy the documents that are shielded by such protection, and to prohibit Chevron from using those specific documents. UBR and the Ecuadorian Plaintiffs have no other recourse of any kind against Chevron or anyone acting on Chevron's behalf arising from UBR's voluntary production of, and Chevron's review and analysis of, the Category II Documents.

(6) This Court retains jurisdiction to enforce this Court's orders in this matter.

Hon. Stanley R. Chesler, U.S.D.J.

**The undersigned counsel stipulate and consent to the form and entry of this Order:**

STERN & KILCULLEN, LLC
75 Livingston Avenue
Roseland, NJ  07068
973.535.1900
*Attorneys for Chevron*

*Herbert J. Stern*

Herbert J. Stern

Dated:  February 1/, 2011

PATTON BOGGS LLP
One Riverfront Plaza, Suite 600
Newark, NJ  07102
973.848.5600
*Attorneys for UBR and the Ecuadorian Plaintiffs*

*James E. Tyrrell*

James E. Tyrrell, Jr.

Dated:  February 14, 2011