<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Application of CHEVRON CORPORATION for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | **Civil Action No. 10-2675 (SRC)**<br><br>**OPINION & ORDER** |

**<u>CHESLER</u>, District Judge**

This matter comes before the Court upon Chevron Corporation's application for an Order To Show Cause, which would direct subpoena respondent Uhl, Baron, Rana & Associates ("UBR") to demonstrate why the Court should not order immediate compliance with its Orders of June 15, 2010 and February 17, 2011.  Chevron issued a subpoena to UBR for documents and depositions pursuant to the June 15, 2010 Order.  Following the appeal of that Order, Chevron and UBR entered into a stipulation concerning the discovery, agreeing to produce responsive documents by February 14, 2011.  That stipulation was entered as an Order by this Court on February 17, 2011.  In the instant application, Chevron claims that it learned in its deposition of Vincent Uhl, UBR's chief executive, that UBR had not performed a diligent search of its records to identify and produce documents in response to the subpoena.  In addition to its request that

UBR be ordered to immediately perform a thorough search of all of its paper and electronic files, Chevron also asks that this Court conduct an evidentiary hearing to determine facts concerning UBR's search.  UBR filed a response opposing the issuance of the Order To Show Cause, arguing in particular that Chevron has not yet fulfilled its obligation under Local Civil Rule 37.1 to meet and confer with UBR prior to seeking court intervention in the discovery dispute.  The Court is also in receipt of a reply letter filed by Chevron.

The Court has reviewed the papers filed by Chevron and UBR and concludes that Chervon has not demonstrated, pursuant to Local Civil Rule 65.1, that its request that the Court order UBR to conduct an immediate search of its records and otherwise comply with the orders related to the subpoena should proceed in an expedited fashion by way of order to show cause.  Local Civil Rule 65.1 states that "no order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary."  Chevron has not demonstrated that its request for a more complete production in response to the UBR subpoena, or its wish to investigate UBR's compliance efforts through an evidentiary hearing, are matters of emergency relief.

Notwithstanding Chevron's failure to show that emergency relief is warranted under the local rules, the Court will entertain any application for the relief described above that is made in accordance with motion practice under Local Civil Rule 7.1, so long as the motion is filed after counsel for Chevron and counsel for UBR have indeed fulfilled their obligations under Local Civil Rule 37.1 in a good faith effort to resolve their discovery dispute.  Should a motion be

filed, the Court will be amenable to any briefing schedule on which the parties agree, even if it varies from the schedule set forth in Local Civil Rule 7.1(d).

Accordingly, **IT IS** on this 19th day of May, 2011,

**ORDERED** that Chevron's application for the issuance of an Order To Show Cause why UBR should not be directed to comply immediately with the Orders of June 15, 2010 and February 17, 2011 be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge